# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO. 23-CV-01196 JWB/DJF

| | |
|---|---|
| William Brown and Sandra Brown,<br><br>Plaintiffs,<br><br>v.<br><br>Erik Klein and Lauren Dandl,<br><br>Defendants. | **COUNTERCLAIM AND PETITION TO CONFIRM ARBITRATION AWARD** |

To: Plaintiffs and through their attorney, Steven R. Little, SRL Law, PLLC, 101 East Fifth Street, US Bank Center, Suite 1500, St. Paul, MN 55101.

## I. INTRODUCTION

1. Defendants bring this counterclaim and petition to confirm the arbitration award in the amount of $43,500 granted in their favor on February 10, 2023. Defendants seek confirmation of this award under Minnesota's Uniform Arbitration Act, which allows for an award of attorney fees incurred in connection with this matter. In the alternative, Defendants seek confirmation under the Federal Arbitration Act. Finally, Defendants seek an award of prejudgment and postjudgment interest as allowed by Minnesota law.

## II. PARTIES

2. Defendants Erik Klein and Lauren Dandl are residents of the State of Minnesota.

3. Plaintiffs William Brown and Sandra Brown are residents of the State of Minnesota.

### III. JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to Plaintiffs' claim and Defendants' counterclaim under the Federal Arbitration Act, 9 U.S.C. §§ 9 and 10.

5. Supplemental jurisdiction over Defendants' state law claims arise under 28 U.S.C. § 1367. The Court also has jurisdiction over Defendants' state law claim under the doctrine of ancillary jurisdiction. *See e.g. United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010).

6. Venue is proper in this District because the subject arbitration award was rendered here and Defendants reside here.

### IV. PETITION

7. On or about July 22, 2020, Plaintiffs and Defendants entered into a purchase agreement for Defendants' purchase of a residential real estate property from Plaintiffs located at 32150 Cedar Crest Dr., North Branch, Minnesota.

8. In connection with the parties' purchase agreement, the parties all signed an Arbitration Disclosure and Residential Real Property Arbitration Agreement in which they agreed to direct claims exceeding $15,000 for arbitration by the National Center for Dispute Settlement. A true and correct copy of the

parties' arbitration agreement is attached to the Declaration of Lauren Dandl at Exhibit 1.

9.  On or about August 25, 2022, Defendants put Plaintiffs on notice of claims relating to Plaintiffs' failure to disclose certain conditions of the property by sending written notice through their attorney at the time, Nathan Fuglestad.

10. On or about October 5, 2022, Defendants commenced an arbitration action with the National Center for Dispute Settlement seeking damages resulting from nondisclosure of certain conditions of the property by Plaintiffs.

11. The matter was arbitrated by Ferdinand Peters and was heard on January 13, 2023.

12. On February 10, 2023 Arbitrator Peters issued an award totaling $43,500 in favor of Defendants Klein and Dandl. A true and correct copy of the arbitration award is attached to Dandl Decl. at Ex. 2.

13. In connection with the arbitration, there were no selections or appointments of additional arbitrators, no extensions of time within which to make the award, and no notices, affidavits, or other papers used upon an application to confirm, modify, or correct the award. Dandl Decl. at ¶ 4.

14. By this petition, Defendants seek judgment by the Court as follows:

## COUNT I
## Confirmation of Arbitration Award – Minnesota Uniform Arbitration Act
## Minn. Stat. Ch. 572B

15. Defendants incorporate all above paragraphs by reference.

16. Minn. Stat. § 572B.22 provides as follows: After a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected pursuant to Minn. Stat. §§ 572B.20 or 572B.24 or is vacated pursuant to section Minn. Stat. § 572B.23.

17. Minn. Stat. § 572B.25 provides as follows:

    a. Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.

    b. A court may allow reasonable costs of the motion and subsequent judicial proceedings.

    c. On application of a prevailing party to a contested judicial proceeding under Minn. Stat. §§ 572B.22, 572B.23, or 572B.24, the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorney fees and other reasonable

        expenses of litigation incurred in a judicial proceeding after the award is made.

18. Defendants have received notice of an arbitration award in their favor in the amount of $43,500.

19. Under the Minnesota Uniform Arbitration Act, Defendants are entitled to confirmation of their arbitration award and entry of judgment in the amount of $43,500 against Defendants plus attorney fees and costs incurred in this action.

## COUNT II
### Confirmation of Arbitration Award – Federal Arbitration Act
### 9 U.S.C. § 9

20. Defendants incorporate all above paragraphs by reference.

21. In the alternative to Count I, Defendants seek confirmation of their arbitration award under the Federal Arbitration Act.

22. 9. U.S.C. § 9 provides as follows: If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections

10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

23. Defendants have received notice of an arbitration award in their favor in the amount of $43,500.

24. Less than one year has passed since Defendants' award was made.

25. Defendants have submitted all materials required by 9 U.S.C. § 13.

26. Under the Federal Arbitration Act, Defendants are entitled to confirmation of their arbitration award and entry of judgment in the amount of $43,500 against Defendants.

## COUNT III
### Award of Judgment Interest
### Minn. Stat. § 549.09

27. Defendants incorporate all above paragraphs by reference.

28. Minn. Stat. § 549.09(a) provides as follows: When a judgment or award is for the recovery of money, including a judgment for the recovery of taxes, interest from the time of the verdict, award, or report until judgment is finally entered shall be computed by the court administrator or arbitrator as provided in Minn. Stat. § 549.09(c) and added to the judgment or award.

29. Minn. Stat. § 549.09(b) provides as follows: Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in Minn. Stat. § 549.09(c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, except as provided herein.

30. Minn. Stat. § 549(c)(1)(i) provides as follows: For a judgment or award of $50,000 or less… the interest shall be computed as simple interest per annum. The rate of interest shall be based on the secondary market yield of one year United States Treasury bills, calculated on a bank discount basis as provided in this section.

31. Defendants provided written notice of their claim against Plaintiffs on or about August 25, 2022.

32. By application of the above statutes, Defendants are entitled to statutory pre-judgment interest as of August 25, 2022, plus post-judgment interest as of the date of entry of judgment in this matter.

### V. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully ask this Court to award judgment as follows:

1. Judgment in the amount of $43,500;

2. Attorney fees and costs incurred in bringing this action and defending Plaintiffs' claim seeking to vacate Defendants' arbitration award;

3. Prejudgment interest commencing from August 25, 2022;

4. Postjudgment interest commencing from the date of judgment in this action;

5. Fees and costs as allowed by law;

6. Such other relief as the Court deems just and proper.

**WAYPOINT LAW PLLC**

Dated: June 16, 2023

/s/ Daniel M. Eaton
Daniel M. Eaton (#389452)
333 Washington Ave. N.
Suite 300
Minneapolis MN 55401
Ph: (612) 445-7596
dan@waypoint.law

ATTORNEY FOR DEFENDANTS

## VI. ACKNOWLEDGEMENT

The undersigned acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, to the party against whom the allegations in this pleading are asserted.

**WAYPOINT LAW PLLC**

Dated: June 16, 2023

/s/ Daniel M. Eaton
Daniel M. Eaton (#389452)
333 Washington Ave. N.
Suite 300
Minneapolis MN 55401
Ph: (612) 445-7596
dan@waypoint.law

ATTORNEY FOR DEFENDANTS